UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENBORO DIVISION
CIVIL ACTION NO. 4:15 CV-00014 HBB

**JIMMY W. PIPER**  PLAINTIFF

VS.

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Jimmy W. Piper ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 29) and Defendant (DN 32) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7). By Order entered April 17, 2015 (DN 28), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On February 23, 2009, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments (Tr. 243, 247). Plaintiff alleged that he became disabled on December 31, 2008 as a result of a brain injury, anxiety, depression, memory loss issues, and knee problems (Id. at 222, 243, 247). Administrative Law Judge Kathleen M. Thomas ("ALJ") conducted a hearing on September 15, 2010 in Owensboro, Kentucky (Id. at 62). Plaintiff was present and represented by attorney John Worman (Id.). Also present and testifying was Lowell Latto, Ph.D., as a vocational expert (Id.). The ALJ denied Plaintiff's claim for benefits (Id. at 17, 119-131). The Appeals Council granted Plaintiff's request for review, reversed the decision of the ALJ, and remanded the case back to the ALJ with instructions to further develop the record (Id. at 17, 137-139).

On October 26, 2012, the ALJ conducted a video hearing from Paducah, Kentucky (Id. at 43). Plaintiff and her attorney, Sarah Woods, participated in the video hearing from Owensboro, Kentucky (Id.). Also participating and testifying at the hearing was Lowell Latto, Ph.D., a vocational expert (Id.).

In a decision dated April 3, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-36). Before addressing each of the steps, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2010 (Id. at 20).

At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 3, 2009 (Id.). Notably, the ALJ used January 3, 2009, because an earlier final decision of the Commissioner established that Plaintiff was not disabled through January 2, 2009[1] (Id. at pp. 17-20).

At the second step, the ALJ determined since January 3, 2009, Plaintiff has had the following severe impairments: chronic pain disorder, hypertension, and diabetes mellitus exacerbated by obesity (Tr. 20). Notably, at the second step, the ALJ also determined that Plaintiff's obesity, depression, anxiety, chronic obstructive pulmonary disease, coronary condition, hernia repair in January 2010, deep vein thrombosis, and sleep apnea are "non-severe" impairments within the meaning of the regulations (Id. at 20-21). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id. at 22).

At the fourth step, the ALJ made two different residual functional capacity findings. The first finding addressed the time frame January 3, 2009 through December 31, 2010 (Tr. 22). Specifically, the ALJ found that Plaintiff had the residual functional capacity to perform less than a full range of light work because he could only occasionally stoop and never climb ladders, ropes, or scaffolds; he needed to avoid all exposure to hazards such as operating dangerous machinery, and working around unprotected heights; he was precluded from concentrated exposure to extremes of heat and cold; and because of his level of pain and medication side effects, he could

---

1 In a decision dated January 2, 2009, Administrative Law Judge James E. Craig denied the applications for Disability Insurance Benefits and Supplemental Security Income payments that Plaintiff filed on August 28, 2006 (Tr. 102-111, 243, 247). That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's decision (Id. at 17)

not make complex decisions or carry out detailed tasks, but he retained the capacity to perform simple, one to three step tasks that do not require sustained attention to detail (Id.).

The ALJ's second finding addressed Plaintiff's residual functional capacity beginning January 1, 2011 (Tr. 29). Specifically, the ALJ found Plaintiff had the residual functional capacity to perform less than a full range of sedentary work because he could only consistently stand/walk less than two hours in an eight-hour workday; could only consistently sit less than two hours in an eight-hour workday; he could lift and carry less than 10 pounds; he would miss three or more days a month due to symptoms of his medical impairments and treatment for those impairments; in addition to normal breaks and lunch periods, he would need more than one extra break per day to lie down due to his medical problems; and he would need one or more extra breaks per day of at least 15 minutes to regain focus (Tr. 29).

At the fourth step, the ALJ also considered the vocational expert's opinions regarding Plaintiff's ability to perform his past relevant work in light of the two different residual functional capacity assessments (Tr. 33). The ALJ found since January 3, 2009, Plaintiff has been unable to perform any of his past relevant work (Id.).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity **prior to January 1, 2011**, age, education, and past work experience as well as testimony from the vocational expert (Tr. 34-35). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded **prior to January 1, 2011**, Plaintiff has not been under a "disability," as defined in the Social Security Act (Id. at 35-36). Additionally, the ALJ found Plaintiff was not disabled prior to his date last insured, June 30, 2010 (Id.).

At the fifth step the ALJ also considered Plaintiff's residual functional capacity **beginning**

**January 1, 2011**, age, education, and past work experience as well as testimony from the vocational expert (Tr. 35). The ALJ found there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform (Id.). Therefore, the ALJ concluded that Plaintiff has been disabled beginning **January 1, 2011** (Id. at 35-36).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 10-11). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's application for Disability Insurance Benefits at the fifth step. However, the ALJ granted Plaintiff's application for Supplemental Security Income payments at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged

conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

A

Plaintiff disagrees with Finding No. 5 which addresses his residual functional capacity prior to January 1, 2011 (DN 29-1 and 29-2 at pp. 6-8). Plaintiff argues Finding No. 5 is not supported by substantial evidence because the ALJ did not to give appropriate weight to the opinions of two treating physicians, Drs. Matthew and Cole (Id.). Additionally, Plaintiff argues the reasons the ALJ gave for discrediting the opinions of Drs. Matthew and Cole do not comport with applicable law (Id. citing 20 C.F.R. §§ 404.1527(c) and 416.927(c); Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242-245 (6th Cir. 2007). Finally, Plaintiff asserts the ALJ did not list any medical evidence that supports the residual functional capacity assessment prior to January 1, 2011 (Id.).

Defendant points out the ALJ was not required to specifically discuss every factor applicable to the evaluation of a medical opinion before discounting the opinion of a treating source (DN 32 at p.5). Further, asserts Defendant, the ALJ need only minimally articulate good reasons for the weight assigned to a treating physician (Id.). Defendant asserts that the ALJ appropriately concluded (1) Dr. Mathew's opinion—"quite disabled"—was a conclusory statement on a legal issue reserved for the Commissioner; (2) Dr. Mathew's opinion—Plaintiff

7

was not able to perform daily activities without significant help—appeared to be based on Plaintiff's subjective complaints prior to January 1, 2011; and (3) Dr. Mathew failed to express any specific work-related limitations (Id. at pp. 5-7). Defendant argues the ALJ set forth an appropriate and reasonable basis for discounting Dr. Cole's prescription for a wheelchair (Id. at pp. 7-8). Finally, Defendant asserts that the ALJ relied on the opinions of the state-agency reviewing doctors in making her residual functional capacity findings because she determined they were more credible than the opinions of Drs. Mathew and Cole (Id. at 9-10).

2

The regulations indicate that treating source opinions must receive "controlling weight" when two conditions are met: (1) the medical opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the medical opinion "is not inconsistent with other substantial evidence in ... [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). Notably, the Administrative Law Judge must provide "good reasons" for not giving controlling weight to the opinions of the treating source. Gayheart, 710 F.3d at 377 (quoting Wilson v. Comm'r, 378 F.3d 541, 544 (6th Cir. 2004)).

If the Administrative Law Judge does not give the treating physician's medical opinion controlling weight, "then the opinion is weighed based on the length, frequency, nature, and extent of the treating relationship, ... as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)-(6)). Further, the Administrative Law Judge must provide "good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Social Security Ruling 96-2p; Gayheart, 710 F.3d at 376; Wilson, 378

F.3d at 545-546. Notably, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Gayheart, 710 F.3d at 376 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" Gayheart, 710 F.3d at 376 (quoting Wilson, 378 F.3d 544).

When the treating source's opinion is not given controlling weight, the Administrative Law Judge must "consider" and "evaluate" the findings set forth in assessments prepared by examining sources and non-examining State agency physicians and psychologists. 20 C.F.R. §§ 404.1527(c) and (e)(2)(i), 416.927(c) and (e)(2)(i); Social Security Ruling 96-6p. Notably, medical opinions from examining and non-examining physicians are "never assessed for 'controlling weight.'" Gayheart, 710 F.3d at 376 (citation omitted). Instead, the Administrative Law Judge "weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability..." Id. (citing 20 C.F.R. § 404.1527(c)(2)). Further, other factors that tend to support or contradict the medical opinion may be considered in assessing the medical opinion. Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)).

3

The ALJ acknowledged that Dr. Mathew opined on August 31, 2010, that Plaintiff was "quite disabled" and not able to perform any daily activities without significant help (Tr. 29). The ALJ observed that Dr. Mathew's opinion was contradicted by his own medical determination that Plaintiff was clinically stable from a cardiac standpoint (Id.). Thus, the ALJ concluded Dr. Mathew's opinion is inconsistent with other substantial evidence in the record. This is a good

9

reason for not according controlling weight to the doctor's opinion. The ALJ also appropriately noted that the opinion "disabled" is not a medical opinion; rather it is a vocational opinion on an issue reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The ALJ properly discounted Dr. Mathew's opinion—Plaintiff is not able to perform any daily activities without significant help—because it appeared to be based on Plaintiff's subjective complaints prior to January 1, 2011, as opposed to objective functional testing (Id.). 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). In sum, the ALJ's reasons for discounting Dr. Mathew's opinions are supported by substantial evidence in the record and comport with applicable law.

4

In a treatment note dated March 11, 2010, Dr. Cole observed that over the past two days Plaintiff had made three trips to two different emergency rooms for treatment of injuries from falling (Tr. 1315). Dr. Cole observed that both emergency rooms declined to give Plaintiff narcotics (Id.). Further, Dr. Cole noted that Plaintiff was requesting something for pain (Id.). Dr. Cole indicated he discussed with Plaintiff, pain medications and a referral to pain management (Id.). Additionally, Dr. Cole commented as follows:

> I've advised him to get a wheel chair and stay in it. He has literally dozens of ER visits due to problems related to falls and syncope. I've advised that he simply stay seated. He should stop ambulating completely. Will Rx. Wheelchair [sic].

(Tr. 1315).

The ALJ acknowledged that Dr. Cole prescribed a wheelchair (Id. at 28). However, the ALJ concluded there was no credible evidence to support an ongoing need for a wheelchair or other assistive device once Plaintiff stopped abusing narcotic pain medication (Id.). Essentially, the ALJ relied on medical records to reach her conclusions that polypharmacy and/or medication overdose was a suspected and likely contributing factor to Plaintiff's instability (Id.). Further, the

10

ALJ depend on medical reports showing in May 2010, Plaintiff suffered opioid withdrawal symptoms that required inpatient treatment after he was prescribed Percocet, a non-opioid pain medication (Id.). Additionally, the ALJ relied on medical records from treating sources indicating Plaintiff's stability improved and he was only using a cane to ambulate at times and at other times ambulated without an assistive device (Id.). In sum, the ALJ's conclusions regarding Dr. Cole's wheel chair prescription are supported by substantial evidence in the record and comport with applicable law.

5

Contrary to Plaintiff's assertion, the ALJ identified the medical opinions she relied on in making the residual functional capacity findings (Tr. 28-29). Specifically, the ALJ discussed the limitations expressed by the non-examining State Agency program physicians on May 4, and July 23, 2009 (Id.). Then the ALJ indicated "[i]n reaching the claimant's residual functional capacity for the period prior to January 1, 2011, the undersigned gives **great weight** to the State Agency determinations" (Id. at p. 29). Additionally, the ALJ explained that she was persuaded to adopt the prior Administrative Law Judge's "finding that the claimant cannot carry out detailed instructions or make complex decisions due to his level of pain and medication side effects, but can perform simple one to three step tasks that do not require sustained attention to detail" (Id.). In sum, the undersigned concludes the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

6

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity

11

finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

The undersigned has thoroughly reviewed the record and the ALJ's residual functional capacity finding. The undersigned concludes that the ALJ's residual functional capacity finding is supported by substantial evidence and comports with applicable law.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:      Counsel